UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREG C. NELSON,

Plaintiff,

v.                                Case No. 3:12-cv-774-J-20TEM

KENNETH S. TUCKER, etc.;

Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding in forma pauperis, initiated this action by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. #1) with attached exhibits (P. Ex.) under 42 U.S.C. § 1983 on July 9, 2012. In the Complaint, Plaintiff names the Kenneth S. Tucker, the Secretary of the Florida Department of Corrections (DOC) as the only Defendant in this action. Nelson asserts that Defendant Tucker continues to attack Plaintiff's honor and reputation by permitting the DOC to label the incarcerated individuals as "inmates." Nelson alleges that he has suffered irreparable harm by being called and stigmatized to the general public as an "inmate." He claims that the DOC's labeling him an "inmate" has interfered with his right to practice his religion because the word "inmate" implies that he is a sexual deviant. He explains that it is "common belief that those who are labeled 'inmates' have become incarcerated with the intent of mating with other men." Complaint at 5 (capitalization omitted).

As relief, he requests compensatory and punitive damages; a declaration that the acts of calling prisoners "inmates" violates his rights under the Universal Declaration of Human Rights and the United States Constitution; and an injunction ordering the Defendant to create and implement a policy that directs the DOC to refrain from using the word "inmate" in any verbal or written form and to remove the word from all DOC documents and websites.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504

U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983. The

record, however, as submitted by Plaintiff, reflects that the Defendant has not violated Plaintiff's federal constitutional rights. In response to Plaintiff's grievance, the DOC responded:

> Your request for administrative review has been received, reviewed, and evaluated.
>
> The term inmate refers to the fact you are incarcerated. There is no "stigma" as you called it or negative connotation intended. It is simply used as an objective title to distinguish between incarcerated persons, staff and visitors. The term will continue to be used.
>
> Based on the foregoing information, your appeal is denied.

P. Ex., Response, dated March 30, 2012.

According to an online dictionary, the word "inmate" means: a person confined to an institution, such as a prison or hospital. See http://english.oxforddictionaries.com. Plaintiff's assertion that the DOC's use of the <u>term</u> "inmate" (to describe Nelson and other inmates) carries a negative connotation and spoils one's reputation is puzzling. Indeed, the DOC is responsible for maintaining order and protecting the health and safety of its employees, visitors, and those individuals residing within the confined walls of its institutions. And, therefore, the DOC's labeling the institutional residents (who are serving lawful terms of incarceration as a result of their convictions) as "inmates" or "prisoners" is permissible and does not violate Plaintiff's federal constitutional rights.

Moreover, as relief, Plaintiff requests compensatory and punitive damages for the DOC's use of the term "inmate" to describe him and other inmates. Plaintiff's action for compensatory and punitive damages against Secretary Tucker for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y, Dept. of Corr., 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter). An action barred by § 1997e(e) is barred only during Plaintiff's imprisonment. Here, Plaintiff does not allege any physical injury as a result of Defendant Tucker's actions.

Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall terminate any pending motions.

4. The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 7/11
c:
Greg C. Nelson